**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHRISTOPHER NEAL**<br>2622 Kirkwood Place Apt. 302<br>Hyattsville, MD 20782 | : | |
| | : | |
| and | : | |
| | : | |
| **ANDRE LINTHICUM**<br>1407 Doewood Lane, Apt. 201<br>Capital Heights, MD 20743 | : | |
| | : | |
| *Plaintiffs*, | : | Civil Case No._____ |
| | : | |
| v. | : | |
| | : | |
| **OFFICER BRIAN S. FRAYER**<br>**(Also Known As: Lieutenant Brian S. Frayer,**<br>**Byrant Fryer, Bryan Freyer**)<br>Individually and in his official capacity as a<br>Mount Rainier Police Officer<br>3249 Rhode Island Ave.<br>Mount Ranier, MD 20712 | : | |
| | : | |
| and | : | |
| | : | |
| **CITY OF MOUNT RAINIER**<br>County Administrative Building<br>1 Municipal Place<br>Mount Rainier, MD 20712 | : | |
| | : | |
| and | : | |
| | : | |
| <u>Serve:</u> **Celina Benitez, Mayor**<br>City of Mount Rainier<br>1 Municipal Place<br>Mount Rainier, MD 20712 | : | |
| | : | |
| <u>Serve:</u> **Kourosh Kamali, City Manager**<br>City of Mount Rainier<br>1 Municipal Place<br>Mount Rainier, MD 20712 | : | |
| | : | |
| *Defendants*. | : | |
| _____ | : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Christopher Neal and Andre Linthicum, by and through undersigned counsel, Brian K. McDaniel and the Cochran Firm, brings this action against the Defendants, Officer Brian Frayer, the City of Mount Rainier and currently unidentified officers and alleges the following:

**INTRODUCTION**

1. On August 2, 2021, the Mount Rainier Police Department (hereinafter "MRPD") police officers were responding to a call for a woman screaming when they encountered the Plaintiffs Christopher Neal and Andre Linthicum in the parking lot on the north side of the 2300 block of Varnum Road in Mt. Rainier, Maryland. Officers asked each of the Plaintiffs for identification, and when the Plaintiffs asked why, officers assaulted each of the Plaintiffs causing significant pain and injuries. Other officers stood by and failed to intervene or otherwise stop the assaults.

2. The Defendant, Officer Brian S. Frayer, and a second officer, Officer R. Caplan and other unnamed Officers, violated the Plaintiffs' rights under the Fourth Amendment to the Constitution of the United States and Maryland Declaration of Rights Article 24.

**JURISDICTION AND VENUE**

3. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. §1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. § 1367(a).

4. The Plaintiffs bring this action to redress the deprivation of rights secured to Mr. Neal and Mr. Linthicum by the United States Constitution as made actionable pursuant to 42 U.S.C. § 1983, and other rights secured to them by law.

5. The City of Mount Rainier was provided with notice of Plaintiffs' claims pursuant to Md. Code Ann. Courts and Judicial Proceedings Article 5-304; within one year of the Plaintiffs'

injuries. The City of Mount Rainier had actual and/or constructive notice of those injuries and/or the defects or circumstances giving rise to Plaintiffs' harm. Any alleged failure to provide written notice of Plaintiffs' Neal's and Linthicum's claims within the timeframe specified by Md. Code Ann. Courts and Judicial Proceedings Article 5-304 has not prejudiced Defendants' potential defenses, and Plaintiffs Neal and Linthicum hereby moves that this Court find good cause to entertain all their claims pursuant to said statute.

6.      Venue is proper in the District of Maryland because this is where the Defendants reside, where the Defendants are employed, and where the events complained of occurred.

**PARTIES**

7.      Plaintiff, Christopher Neal, is now and at all times relevant to this claim an adult resident of the State of Maryland.

8.      Plaintiff, Andre Linthicum, is now and at all times relevant to this claim an adult resident of the State of Maryland.

9.      Defendant, Officer Brian Frayer ("Officer Frayer"), who is sued in his individual and official capacities, is now, and at all relevant times, an Officer with the Mount Rainier Police Department.

10.     At all times relevant to this action, the Defendant Officer Frayer was acting under the color of law under their authority as officers of the MRPD, and under color of the statutes, ordinances, regulations, policies, customs and usage of the City of Mount Rainier, and within the scope of employment, and in furtherance of the business of the MRPD, the City of Mount Rainier. At all times relevant to this Complaint, Officer Frayer use of force was foreseeable or expected by MRPD and the City of Mount Rainier.

3

11.     Defendant, City of Mount Rainier, is a municipal corporation that operates and governs the Mount Rainier Police Department pursuant to the laws of the City of Mount Rainier.  In this case the City of Mount Rainier acted through its' agents, employees, and servants, including Officer Frayer, Caplan and unnamed officers.

## STATEMENT OF FACTS

12.     Prior to August 2021, Defendant MRPD hired Officer Frayer. City of Mount Rainier failed to properly investigate the mental health and overall aptitude of the Officer Frayer and failed to properly train and supervise Officer Frayer as it relates to the appropriate and reasonable use of force, thereby creating an unreasonable risk of harm to those with whom the Officer Frayer might come into contact during their employment with MRPD.

13.     On the evening of August 2, 2021, Mr. Neal and Mr. Linthicum were in the parking lot on the north side of the 2300 block of Varnum Road in Mt. Rainier, Maryland.  The parking lot is bordered on the northeast side by 22nd Avenue.

14.     Officers are aware that Mr. Neal and Mr. Linthicum frequent this parking lot.

15.     Officers were responding to a call for a woman screaming by a vehicle in that parking lot.

16.     When Officers entered the parking lot, Officer Frayer and Officer Caplan initiated contact with Mr. Neal and Mr. Linthicum.  Other unnamed officers stood nearby.

17.     Officer Frayer first approached Mr. Linthicum and asked for identification.  Mr. Linthicum asked why he was being asked for identification.

18.     Immediately thereafter, Officer Frayer told Mr. Linthicum to put his hands behind his back. As Mr. Linthicum put his hands behind his back, Officer Frayer unreasonably and without any just cause grabbed and twisted his arm and raised his arm back and upward behind Mr. Linthicum in such a manner that caused Mr. Linthicum great pain.  Officer Frayer did so intentionally and with

deliberate disregard of and for the Constitutional Rights of Mr. Linthicum. He ultimately placed Mr. Linthicum in handcuffs.

19. At no time during this interaction did Mr. Linthicum physically resist Officer Frayer. Officer Caplan and other officers stood by, observed, but made no effort to intervene as Officer Frayer assaulted Mr. Linthicum.

20. After placing Mr. Linthicum in handcuffs, Officer Frayer initiated contact with Mr. Christopher Neal and asked for his identification.

21. Mr. Neal objected to providing his identification and Officer Frayer immediately grabbed Mr. Neal's left arm. Officer Caplan grabbed Mr. Neal's right arm.

22. As Officer Frayer grabbed Mr. Neal's left arm, Officer Frayer put his free hand into Mr. Neal's back and forced him forward into a bending position. He simultaneously raised Mr. Neal's arm behind him in such a fashion that he caused significant pain. As Officer Frayer was raising Mr. Neal's arm back and up, Mr. Neal experienced such great pain that he screamed out.

23. Officers ultimately placed Mr. Neal in handcuffs. At no time during this interaction did Mr. Neal physically resist officers' effort to detain him.

24. Other officers stood by and failed to aid Mr. Neal as Officers Frayer and Caplan assaulted Mr. Neal.

25. Upon information and belief, there is a custom or practice in MRPD of subjecting certain arrestees to more than the minimum force which is necessary to accomplish his or her mission despite clear MRPD policy prohibiting such a practice. These customs and/or practices are evidenced by the actions of Officer Frayer, Caplan and unnamed Officers who forcefully injured the Plaintiffs when they represented no risk of bodily harm to any officers or civilians at or near the scene.

26. Officer Frayer acted intentionally and/or recklessly and with deliberate disregard for the constitutional and common law rights of Mr. Neal and Mr. Linthicum, and in intentional or reckless disobedience of MRPD regulations.

27. The use of unreasonable and/or excessive force by the Officer Frayer is subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 400, and the Spectrum of Force and Use of Force Continuum.

28. The intentional, unreasonable use of force by the Officer Frayer was in direct violation of all applicable regulation(s) and/or order(s) and/or standard(s), including but not limited to, General Order 400, and the Spectrum of Force and Use of Force Continuum.

29. No reasonable police officer could have believed that there was a need to use such force as would result in injury as neither Mr. Neal nor Mr. Linthicum physically resisted Officers in any way.

30. At all relevant times, Officer Frayer:

    a.    used the resources of the Mount Rainier Police Department;

    b.    was on active duty as an officer of the Mount Rainier Police Department;

    c.    acted under the authority as an officer of the Mount Rainier Police Department; and

    d.    acted under the color of law, statute, ordinance, regulation custom and usage of the City of Mount Rainier.

31. Mr. Neal suffered significant physical injuries and pain as a result of Officer Frayer's conduct.

32. Mr. Linthicum suffered significant physical injuries and pain as a result of Officer Frayer's conduct.

## CLAIMS FOR RELIEF

## COUNT I

### 42 U.S.C. § 1983 – Excessive Force in Violation of the
### Fourth Amendment

33.     Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

34.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

35.     Mr. Neal and Mr. Linthicum were citizens of the United States and Officer Frayer are persons for the purpose of 42 U.S.C. § 1983.

36.     Officer Frayer was at all times relevant hereto, acting under the color of state law and in his capacity as a Mount Rainier Police Department officer or otherwise an agent of the City of Mount Rainier and his acts or omissions were conducted within the scope of his official duties or employment.

37.     At no time relevant to this action were Mr. Neal and/or Mr. Linthicum a threat to the safety of the police, themselves or others.

38.     At the time of the complained of events, Mr. Neal and Mr. Linthicum had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

39.     Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established. Indeed, Officer Frayer here was aware of

these clearly established constitutional rights and that his actions were violative of the clearly established constitutional rights of Mr. Neal and Mr. Linthicum.

40. Officer Frayer's actions and use of force, as described herein, were objectively unreasonable considering the facts and circumstances confronting him, and violated the Fourth Amendment rights of Mr. Neal and Mr. Linthicum.

41. Officer Frayer's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Neal's and Mr. Linthicum's federally protected rights. The force used by Officer Frayer shocks the conscience and violated Mr. Neal's and Mr. Linthicum's rights under the Fourth Amendment of the Constitution of the United States.

42. Officer Frayer unlawfully seized Mr. Neal and Mr. Linthicum by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining him of his freedom.

43. Officer Frayer engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Neal's and Mr. Linthicum's federally protected constitutional rights.

44. Officer Frayer did so with shocking and willful indifference to Mr. Neal's and Mr. Linthicum's rights and in conscious awareness that they would cause Mr. Neal and Mr. Linthicum severe physical and emotional injuries.

45. The acts and/or omissions of Officer Frayer and unknown officers were the moving force behind Mr. Neal's and Mr. Linthicum's injuries.

46. The acts and/or omissions of the Officer Frayer as described herein intentionally deprived Mr. Neal and Mr. Linthicum of their constitutional rights and caused them other damages.

47. Officer Frayer, by means of physical force and show of authority complained of herein, restrained the liberty of Mr. Neal and Mr. Linthicum.

48. Given the circumstances, no reasonable person in Mr. Neal's and Mr. Linthicum's position would have believed themselves free to leave.

49. Officer Frayer as a government official intentionally applied means to terminate Mr. Neal's and Mr. Linthicum's freedom of movement.

50. Officer Frayer and unknown Officers are not entitled to qualified immunity.

51. Officer Frayer at all times relevant hereto was acting pursuant to the City of Mount Rainier, and MRPD custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Mr. Neal and Mr. Linthicum.

52. As a proximate result of Officer Frayer's unlawful conduct, Mr. Neal and Mr. Linthicum have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling Plaintiff to compensatory, punitive and special damages. As a further result of Officer Frayer's unlawful conduct, Mr. Neal and Mr. Linthicum have incurred special damages, including medically related expenses. Plaintiffs are therefore entitled to money damages pursuant to 42 U.S.C. §1983 to compensate Mr. Neal and Mr. Linthicum for injuries and for the violation of their Constitutional and civil rights.

53. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

54. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against Officer Frayer under 42 U.S.C. § 1983, in that the actions of

the Officer Frayer were taken maliciously, willfully or with a reckless or wanton disregard for the constitutional rights of Mr. Neal and Mr. Linthicum.

## COUNT II

### Battery
### (Against Officer Frayer)

55. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

58. Officer Frayer engaged in harmful and offensive contact of Mr. Neal and Mr. Linthicum by wrenching their arms behind their backs in such a way as to cause significant pain and related injury.

59. The actions of the Officer Frayer caused Mr. Neal and Mr. Linthicum serious physical and emotional injuries.

60. Due notice under all applicable statutes has been given to the Defendants.

61. The actions of Officer Frayer are a direct cause of the injuries described above. The Plaintiffs are entitled to special damages which include pain and suffering and emotional trauma.

62. The intentional and malicious actions of Officer Frayer and other unnamed MRPD officers are the direct cause for the injuries described above. The Plaintiffs are entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

## COUNT III

### False Imprisonment
### (Against Officer Frayer)

63. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

64. Officer Frayer did intentionally obstruct and detain Plaintiffs Neal and Linthicum over their objections, when he grabbed and violently twisted the Plaintiffs' arms and placed them in handcuffs.

65. Plaintiffs had not committed any criminal acts.

66. Plaintiffs reasonably believed that it would be dangerous for them to attempt to flee in light of the presence of the Officers and the unnecessary and unjustified force employed by the Officers.

67. Officer Frayer did not have probable cause to arrest the Plaintiffs and did not act with a reasonable belief that the Plaintiffs had violated the law.

68. Officer Frayer weas not justified in unlawfully and forcefully detaining the Plaintiffs and depriving them of their freedom of movement.

69. The Plaintiffs did not consent to the unlawful, forceful detention.

70. The Defendant's conduct toward the Plaintiffs was both unlawful and unreasonable and in violation of all relevant regulations.

71. As a direct and proximate cause of the Defendant's actions, Plaintiffs suffered physical injuries and continues to suffer pain, mental anguish and distress.

72. As a direct and proximate cause of the Defendant's actions, the Plaintiffs were caused to incur economic damages, including but not limited to expenses for medical care as well as expenses for future medical care.

## COUNT IV

**Respondeat Superior**
**(Against Defendant City of Mount Rainier)**

73. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

74. At all relevant times during the events described in this Complaint, Officer Frayer and Unknown Officers were acting within the scope of their official duty as Police Officers of the City of Mount Rainier as employees of MRPD and the City of Mount Rainier.

75. The City of Mount Rainier should, therefore, be held liable for the common law claims against the Officer Frayer and Unknown Officers and pay appropriate damages to the Plaintiffs.

**COUNT V**

**Maryland Declaration of Rights Article 24: Deprivation of Liberty and Property and Excessive Force**
**(Plaintiffs against Officer Frayer, City of Mount Rainier)**

76. Plaintiffs incorporate and adopt each allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

77. At all times relevant to this Complaint, Officer Frayer was acting under the color of state law as an officer employed by MRPD and the City of Mount Rainier.

78. Defendant violated Mr. Neal's and Mr. Linthicum's civil rights and due process rights as set forth in the Maryland State Constitution and the Declaration of Rights, including Article 24.

79. Defendant violated Mr. Neal's and Mr. Linthicum's civil rights and due process as set forth in the Maryland State Constitution and the Declaration of Rights, including Defendant's intentional acts of misconduct, illegal detention and arrest, excessive force, and false imprisonment.

80. Officer Frayer used excessive force when he forced Mr. Neal's arm behind his back and up in such a way to cause significant pain and injury.

81. Officer Frayer used excessive force when he forced Mr. Linthicum's arm behind his back and up in such a way to cause significant pain and injury.

82.    The force used by the Officer Frayer was intentional, excessive, objectively unreasonable, absent any lawful justification or excuse, unconstitutional, and unlawful in the restraint and apprehension of Mr. Neal and Mr. Linthicum.

83.    Officer Frayer engaged in intentional acts of misconduct, including excessive force, and false imprisonment which violated Mr. Neal's and Mr. Linthicum's civil rights and due process.

84.    Officer Frayer's conduct was without legal justification and was improperly motivated by ill will and actual malice. Officer Frayer intended to harm Mr. Neal and Mr. Linthicum with excessive force and without probable cause.

85.    Officer Frayer used unreasonable and unnecessary force in the treatment of Mr. Neal and Mr. Linthicum, thereby injuring them as alleged in violation of Mr. Neal's and Mr. Linthicum's rights to due process and to be free from excessive force as protected by Article 24 of the Maryland Declaration of Rights. Officer Frayer's actions were without provocation and without justification and with the intent to violate the civil rights of Mr. Neal and Mr. Linthicum, as well as their rights under Article 24 of the Maryland Declaration of Rights.

86.    Mr. Neal and Mr. Linthicum did not have the freedom to leave during the detention and arrest.

87.    Officer Frayer's conduct was objectively unreasonable in light of the facts and circumstances that confronted them.

88.    Defendants City of Mount Rainier are vicariously liable to Plaintiff for Officer Frayer's violations of Mr. Neal's and Mr. Linthicum's rights under Article 24 of the Maryland Declaration of Rights.

89.    Defendant's actions or omissions as described herein, were intentional, wanton, willful, malicious, manifested blatant and reckless disregard for Mr. Neal's and Mr. Linthicum's

constitutionally protected rights, and as such Plaintiffs are entitled to compensatory and punitive damages from Defendants individually.

90.     As a direct and proximate result of Defendants' actions or omissions identified herein, Mr. Neal and Mr. Linthicum sustained physical, emotional, mental, and financial injuries, including but not limited to death, conscious pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses. Mr. Neal's and Mr. Linthicum's liberty and property were deprived without the judgment of their peers or by the law of the land.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a)     RULES that the actions of the Defendant violated the rights of the Plaintiffs under the Fourth Amendment to the United States Constitution and the laws of the State of Maryland:

(b)     ENTER JUDGMENT awarding the Plaintiffs compensatory damages against all defendants in an amount of $5,000,000.00 to each Plaintiff.

(c)     ENTER JUDGMENT awarding punitive damages against the Officer Frayer and other unnamed officer in an amount of $5,000,000.00 to each Plaintiff;

(d)     ENTER JUDGMENT awarding costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e)     GRANT the Plaintiffs any such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial in this matter.

Respectfully Submitted,

THE COCHRAN FIRM, PLLC

/s/Brian K. McDaniel\
Brian K. McDaniel, Esq.
1001 L Street S.E.
Washington, D.C. 20003
Tel: (202) 331 – 0793
bkmassociates@aol.com