IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHRISTOPHER NEAL, ET.AL., | * |
| Plaintiffs, | * |
| v. | * |
|  | * Civil No. 24-0778-BAH |
| BRIAN FRAYER, ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Christopher Neal and Andre Linthicum ("Plaintiffs") brought suit against Officer Brian Frayer ("Frayer") and the City of Mount Rainier, Maryland ("Mount Rainier") (collectively, "Defendants") alleging excessive force, wrongful detention, false imprisonment, assault and battery, and violations of the Maryland Declaration of Rights. ECF 1. Pending before the Court are Defendants' motions to dismiss, ECF 16 (Frayer) and ECF 17 (Mount Rainier), each with an accompanying memorandum of law, ECF 16-1 (Frayer) and ECF 17-1 (Mount Rainier). Plaintiffs filed an opposition to Frayer's motion, ECF 18, and Frayer filed a reply, ECF 19.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant Frayer's motion will be **DENIED** and Defendant Mount Rainier's motion will be **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

Plaintiffs originally filed a lawsuit against Defendant Frayer and Defendant Mount Rainier alongside a third defendant, Officer Robert Caplan, on August 2, 2022. This case is docketed with

---

[1] Frayer's motion also attaches exhibits. The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

the Court as 22-cv-1919-BAH. Plaintiffs effectuated service on Caplan and Mount Rainier in October of 2022 but failed to serve Frayer, who had ceased working for the Mount Rainier Police Department and moved to Florida. ECF 16-1, at 3. When Plaintiffs located Frayer in Florida in June of 2023, he refused to accept service, as the complaint had misnamed him as "Bryant Fryer." *Id.* Plaintiffs attempted to serve Frayer twice more over the next several days but both times no one was available at his home. *Id.* Six months later, on December 22, 2023, Plaintiffs motioned to extend the service deadline and the January 12, 2024 discovery deadline. *Id.* The Court denied those motions and dismissed the claims against Frayer without prejudice. ECF 18, at 1; *see also* ECF 33 in 22-cv-1919-BAH.

Plaintiffs subsequently refiled the action as to Frayer and Mount Rainier on March 15, 2024, initiating the lawsuit at issue here. ECF 1. In this action, Plaintiffs bring five claims: excessive force in violation of the Fourth Amendment brought pursuant to 42 U.S.C. § 1983[2]; battery against Frayer; false imprisonment against Frayer; "respondeat superior" against Mount Rainier; and deprivation of liberty and property as well as excessive force in violation of Article 24 of the Maryland Declaration of Rights, brought against both Frayer and Mount Rainier. ECF 1, at 7–14.

Defendants move to dismiss on the ground that this second suit represents improper claim splitting. ECF 16-1, at 6 (Frayer); ECF 17-1, at 1 (Mount Rainier adopting argument). Mount Rainier also moves to dismiss count four of Plaintiffs' complaint which is styled as one for "respondeat superior." ECF 17-1, at 2.

---

[2] Though the heading for this count does not specify against whom Plaintiffs seek to bring their Fourth Amendment claim, the following argument implies that it is brought against Frayer as well as Mount Rainier.

2

## II. LEGAL STANDARD

Though the Defendants do not assert a particular legal standard applicable to their motions, the Court will construe them as Rule 12(b)(6) motions for failure to state a claim, as improper claim splitting may be considered grounds for dismissal under Rule 12(b)(6). *See Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 452 F. Supp. 2d 621, 628 (D. Md. 2006), *aff'd*, 273 F. App'x 256 (4th Cir. 2008); *Kayshap v. Natural Wellness USA, Inc.*, Civ. No. DKC-11-0459, 2011 WL 2462192, at *3 (D. Md. June 16, 2011).

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

3

### III. ANALYSIS

#### A. Defendants' Claim Splitting Argument

Defendants argue that Plaintiffs' lawsuit should be dismissed pursuant to the rule against claim splitting. ECF 16-1, at 6 (Frayer); ECF 17-1, at 1 (Mount Rainier adopting argument). Defendants argue that proceeding with the action "would be inefficient and require duplication of resources to prosecute" and "would risk inconsistency, including multiple and inconsistent judgments." ECF 16-1, at 8.

"Like res judicata, claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.'" *Sensormatic*, 452 F. Supp. 2d at 626 (quoting *Myers v. Colgate-Palmolive Co.*, 102 F. Supp. 2d 1208, 1224 (D. Kan. 2000)). "Thus, when a suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000)). The rule against claim splitting will bar subsequent litigation if it "(1) involves the same parties or their privies, and (2) arises out of the same transaction or series of transactions as the first claim. The Court's central inquiry is whether the second suit raises issues that could and should have been brought in the first." *Brightview Grp., LP v. Glynn*, Civ. No. SAG-21-3027, 2022 WL 743937, at *6 (D. Md. Mar. 11, 2022) (internal citations omitted). If a court finds that the claim splitting doctrine applies, it may "stay the second suit, dismiss it without prejudice, or consolidate the two actions." *Hare v. Opryland Hospitality, LLC*, Civ. No. DKC-11-1439, 2011 WL 6153128, at *2 n.3 (D. Md. Dec. 9, 2011).

Here, the Court finds that the claim splitting doctrine is not applicable. Because the Court previously dismissed Plaintiffs' claims against Frayer without prejudice, that finding implicitly authorizes Plaintiffs to bring this second action. "[F]ederal courts faced with similar

4

issues . . . have concluded that the dismissal of a prior lawsuit without prejudice does not bar the filing of a subsequent lawsuit based on the same facts and causes of action under the claim splitting doctrine." *Tripp v. Perdue Foods, LLC*, Civ. No. JMC-24-0987, 2024 WL 3904675, at *4 (D. Md. Aug. 22, 2024) (citing *Torres v. Rebarchak*, 814 F.2d 1219, 1224 (7th Cir. 1987)). Where a court "in the first action has expressly reserved the plaintiff's right to maintain the second action," the rule against claim splitting is inapplicable. *Restatement (Second) of Judgements* § 26(1)(b). The Court therefore declines to dismiss Plaintiffs' claims against Officer Frayer on grounds of claim splitting.

B. Defendants' Fairness Argument

Defendants further suggest that the Court should dismiss the instant case in the interest of fairness, as they argue that the Plaintiffs should not receive "another bite at the apple that would waste resources and undermine the orderly administration of justice." ECF 16-1, at 9. Defendants contend that Plaintiffs represented during a May 2023 teleconference that they would dismiss Frayer from the lawsuit if they were unable to serve him within an agreed-upon time frame.[3] *Id.* at 7. Defendants argue that if Plaintiffs changed their minds as to proceeding against Frayer, they should have done so immediately, and point to the fact that the first lawsuit, at least at the time the Motion was filed,[4] had pending motions for summary judgment and that proceeding with the second lawsuit "would create unfair prejudice for parties that had already completed discovery and [] also for Defendant Frayer who was not a participant in the prior discovery." *Id.* at 8. Defendants

---

[3] In ordering the dismissal of Frayer from the first action, this Court noted that Plaintiffs did not challenge Defendants' characterization of that agreement between the parties. *See* ECF 16-3, at 1.

[4] On February 25, 2025, the Court granted summary judgment in favor of the defendants in 22-cv-1919-BAH.

5

further argue that proceeding with the suit against Frayer would be "inefficient" and risk "inconsistency." *Id.*

These arguments are unpersuasive. There is no indication of how, if at all, proceeding with the instant case would create "unfair prejudice" for either the parties who have completed discovery in the first case, which is now closed, or for Frayer. Though the second lawsuit will undoubtedly require more time and effort, that does not necessarily mean that the process will be inherently prejudicial. Nor is there a risk of disparity in the judgements in each case. The Court is well-equipped to consider individual questions of liability as to both Defendant Frayer and Defendant Caplan in both suits without risking inconsistency of judgment between the two. Proceeding with the second lawsuit will therefore not imperil the administration of justice in either action.

C.   Mount Rainier's Motion to Dismiss

Mount Rainier also moves to dismiss Count IV of Plaintiffs' complaint, which is styled as one of "*respondeat superior*" against the city; Plaintiffs argue that the city should "be held liable for the common law claims against [] Officer Frayer and Unknown Officers and pay appropriate damages to the Plaintiffs." ECF 1, at 12. However, Plaintiffs do not address Mount Rainier's argument in their opposition to Frayer's motion to dismiss, and so they may be deemed to have abandoned their claim and thus waived the issue. *See Wal-Mart Real Est. Bus. Tr. v. Garrison Realty Invs., LLC*, 657 F. Supp. 3d 757, 767 (D. Md. 2023) (determining that "a party's failure to respond to an argument ordinarily constitutes a waiver of that issue" in the context of a motion to dismiss); *Sewell v. Strayer Univ.*, 956 F. Supp. 2d 658, 674 (D. Md. 2013) (finding that a plaintiff had "abandoned" a claim where they failed to respond to defendant's argument made in a motion to dismiss).

Even if Plaintiffs had not waived the issue, Count IV would still merit dismissal. As Mount Rainier observes in its motion to dismiss, ECF 17-1, at 2, "there is no separate cause of action for *respondeat superior*; rather, it is a doctrine that imputes liability for a cause of action to a principal." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 n.8 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013); *see also McCullough v. Liberty Heights Health & Rehab. Ctr.*, 830 F. Supp. 2d 94 (D. Md. 2011) (noting that "[v]icarious liability is, of course, not an independent cause of action, but rather a theory of assigning liability"). To the extent that Plaintiffs seek in Count IV to hold Mount Rainier vicariously liable for their constitutional claims in addition to their "common law claims," ECF 1, at 12, a municipality "cannot be held liable in a § 1983 action under a theory of *respondeat superior*." *Lee v. O'Malley*, 533 F. Supp. 2d 548, 553 (D. Md. 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Liability attaches to a municipality in a § 1983 action "only where the municipality itself causes the constitutional violation at issue," such as if it causes a deprivation through an official custom, practice, or policy. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original). Such claims must be brought under the framework established in *Monell*, not under the theory of *respondeat superior*. *Peprah v. Williams*, Civ. No. GLR-18-990, 2019 WL 224245, at *5 (D. Md. Jan. 15, 2019).

For similar reasons, Count I of the Plaintiffs' complaint must also be dismissed as to Mount Rainier.[5] The Supreme Court has established that a suit against a municipality for unconstitutional conduct can only be brought "under the standard set forth in *Monell*." *Nicholson v. Balt. Police Dep't*, Civ. No DKC-20-3146, 2021 WL 1541667, at *10 (D. Md. Apr. 20, 2021). Counts that

---

[5] The Court has the authority to dismiss counts *sua sponte* where it determines that a complaint "plainly fails to state a claim for relief." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006).

7

"assert claims directly under § 1983 rather than under *Monell* [] must be dismissed." *Id.* Though Count I of the complaint does track the language of *Monell* in ascribing Frayer's conduct to a "custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice" of Mount Rainier, *see* ECF 1, at 9, Plaintiffs specifically purport to bring Count I against the city pursuant to § 1983 and indeed make no direct mention of *Monell*. Even if Plaintiffs did specifically reference *Monell*, "[t]o adequately plead a *Monell* claim, a complaint must include more facts that could enable the Court to infer that the allegedly impermissible policy affected more than just the plaintiff." *Jacques v. Baltimore City Police Dep't*, Civ. No. 21-2682-BAH, 2023 WL 3198122, at *11 (D. Md. May 2, 2023). Plaintiffs' complaint contains no such facts. Accordingly, Count I of the complaint is dismissed as to Mount Rainier.[6]

## IV.   CONCLUSION

For the foregoing reasons, Defendant Frayer's motion is DENIED and Defendant Mount Rainier's motion is GRANTED in part and DENIED in part. A separate implementing Order will issue.

Dated: February 26, 2025

/s/
Brendan A. Hurson
United States District Judge

---

[6] In contrast to federal law, Maryland law "recognizes that local governmental entities have '*respondeat superior* liability for civil damages resulting from State Constitutional violations committed by their agents and employees within the scope of the employment.'" *Brooks v. St. Charles Hotel Operating, LLC.*, Civ. No. DLB-23-0208, 2023 WL 6244612, at *7 (D. Md. Sept. 26, 2023) (quoting *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 194 n.6 (4th Cir. 2002)). Courts have extended this principle to claims involving the Maryland Declaration of Rights. *See Albero v. Worcester Cnty. Bd. of Commissioners*, Civ. No. JKB-24-1100, 2025 WL 462588, at *10 (D. Md. Feb. 11, 2025). As such, the Court lets stand Count V of Plaintiffs' complaint, which seeks to bring a claim for violations of Article 24 of the Maryland Declaration of Rights against both Frayer and Mount Rainier, the latter under the theory that the city is "vicariously liable" for Frayer's conduct. ECF 1, at 13. *See also Albero*, 2025 WL 462588 ("[B]ecause *respondeat superior* liability turns on a finding of unlawful conduct by an individual who reports to a superior person or entity, . . . it would be inappropriate to dismiss the *respondeat superior* claim in full before considering the Article 24 claims against all [i]ndividual [d]efendants.") (emphasis omitted).